ALLEN, Judge.
This appeal involves the construction given by the court below to a clause in the last will of Orford Winans, deceased. The clause at issue, Article II, is set out as follows:
“I give, devise and bequeath all real estate which I may own at the time of my death, and whatever interest in real estate I may own at the time of my death, which real estate is located in Port Clinton, Ohio, to my nephews, Richard Winans and Max Winans, share and share alike, in fee simple and absolutely.”
The remaining dispositive provisions left $10,000 to the widow and appellant executrix, Martha A. Winans, in accordance with a pre-nuptial agreement and the residuum to a nephew appellant, Wayne Threm. Testator died seized of two parcels of real estate. One was an undivided half interest in business property in Port Clinton, Ohio, and the other was his homestead in Tampa, Florida. Legatees Richard and Max Winans petitioned the court below to construe the above quoted clause as devising to them “ * * * all of the real property owned by the decedant [sic] at the time of his death, in addition to the interest in said real property in Port Clinton, Ohio, which was owned by the decedant [sic] at the time the will was executed and upon his death.” As stated above, the only real property owned by the testator other than that located in Ohio was the Tampa homestead.
Wayne Threm, residuary legatee, filed an answer contesting petitioners’ interpretation of Clause II and their claim to all of the testator’s real property and claiming in said answer that all of the real estate except an interest in the Port Clinton, Ohio, property passed to him (Threm) under the residuary clause. Martha A. Win-ans (widow), who is the executrix of the will, in her individual capacity filed an answer to the petition setting forth that her only interest in the estate is her $10,000 legacy and disclaiming any interest in the property in controversy. In the order appealed from, the county judge construed the clause in favor of petitioners (Winan brothers) as devising both the Florida and Ohio realty to them.
The probate judge, in his “Findings, Opinion and Judgment on Petition of Beneficiaries of the Will,” said:
“It appears to the Court unnecessary to pass on the competency of said witnesses or the admissibility of their testimony. Even if should appear clear that there are ambiguities or undisclosed circumstances justifying a construction of the will contrary to the contention of petitioners, it is clear that the testimony of said witnesses does not justify a construction in accordance with the contention of said Wayne Threm.
“On behalf of the respondent, Wayne Threm, there was admitted in evidence an earlier will made by the decedent in Ohio on August 16, 1945, but the Court finds that it neither substantially supports the respondent nor opposes the petitioners.
“The Court also admitted in evidence on behalf of the respondent a deed of property in Hillsborough County, Florida, to Orford Winans, the decedent, made in the lifetime of the said decedent, to wit, April 11, 1953.
“According to the testimony and the answer of said respondent, the testator was owner at the time of his death of the following described real property:
“An undivided one-half interest im land in Port Clinton, Ohio, and a lot of land in Hillsborough County, Flor *475 ida, being the same property mentioned in the aforesaid deed.
“The particular article of the will in question is as follows:
“ T give, devise and bequeath all real estate which I may own at the time of my death, and whatever interest in real estate I may own at the time of my •death, which real estate is located in Port Clinton, Ohio, to my nephews, Richard Winans and Max Winans, share and share alike, in fee simple and absolutely.’
“The testimony shows that Martha A. Winans was present with her husband, the testator, in the office of R. G. Titts-worth, Esq., on the date of the execution of the said will. She and the said attorney both testified that the will was read to the testator prior to his execution of it.
“In the commencement of the will it is recited that the testator was at the time of the execution of the will residing on the only property in Hillsbor-ough County, Florida, and the only other property owned by the decedent at the time except the property in Port Clinton, Ohio.
“It is the contention of R. G. Titts-worth, Esq., the attorney for the executrix and the respondent, that the word 'which' in the said article necessarily refers to both the property in Port Clinton, Ohio, in which the testator had owned an interest, and to the undefined and undisclosed property in the first clause of said article. Said attorney also contends that by the use of the words ‘devise’ and ‘fee simple’ in Article IV, the residuary clause, the testator intended for the respondent to have all of the real estate except that located in Port Clinton, Ohio.
“To accede to this contention the Court, in my opinion, would do violence to the expressed intent of the decedent. If it was the intention of the decedent in Article II of his will to devise to the petitioners, Richard Winans and Max Winans, only the property in Port Clinton, Ohio, he could and logically would have left out of Article II words of devise of the other piece of property owned by him and would have inserted it in Article IV, if it was his intention that the respondent should have it.
“The intention of the testator might be more aptly expressed than it was expressed in Article II, but it appears clear enough to the Court that the testator intended to devise all of his real property to the petitioners. Any other construction would be illogical and contrary to the rules of law regulating interpretation of the will of a decedent. It is to be noted that the first clause of Article II relating to real estate is conjunctively joined with the second clause. The will might have been written to show the location of each tract of land, but the failure to do that does not justify the legal inference that all the real property referred to in Article II is necessarily located in Port Clinton, Ohio. As stated hereinbefore, the testator owned at the time of his death only two tracts of land and one of them was in Ohio and one in Hills-borough County, Florida.
“The lodestar to a testator’s intent is the language used to express it. The Court cannot accept parol testimony of witnesses of the intent of the testator contrary to such expression, nor can the Court guess as to such intention. In this case the Court finds that the expression of the testator used is not so ambiguous as to require resort to parol testimony. So, the Court does not believe that in this matter it would be justified in rewriting the will to express any other intent than that logically in-ferable from the words used in Article II of the will, namely, that the testator *476 intended by the language used and the substantial form of the will to devise all of his real estate to the petitioners, Richard Winans and Max Winans. All of the will within its four corners must be harmonized, and the words in the commencement and in Article II and in Article IV appear to consistently and conclusively show that intention.
“The Court therefore finds and is of the opinion that all of the real property of the testator was devised by him to Richard Winans and Max Winans, the petitioners; that their petition should be granted; and that the distribution of the real property in this estate should be ordered and it is the judgment of this Court that it be distributed to said petitioners when the administration of the estate is concluded.”
In a previous will filed as an exhibit, which was executed in 1945, Orford Winans had left his interest in the Port Clinton, Ohio, property to his brother, Wayne Wi-nans, for life but with the power to sell the property and give his sons, Richard Wi-nans and Max Winans (the appellees here) the proceeds received from the sale of said property. Orford Winans, in Item II, bequeathed to his nephew, Wayne Threm, $4200.00 and authorized his executrix to pay to Wayne Threm for a college education such parts thereof as may be needed while he is attending college, and when he completed his college education, the balance, if any, of the $4200.00 would be paid to Wayne Threm. He then devised and bequeathed to his sister, Junettia Threm, the rest and residue of his estate.
In the last will of the decedent he gave to Richard Winans and Max Winans the Ohio property which, in the previous will, was left to their father for life with the remainder over, etc., to Richard and Max Winans. In addition, under the construction given the will by the county judge, decedent also gave the Winans his Tampa property. The residuary clause gave the balance of the estate, less the $10,000 legacy for the widow, to Wayne Threm. The value placed on the residual estate by the briefs is in the neighborhood of $50,000.
It will be observed from the quoted parts of the trial judge’s order that the court found that the expression of the testator used was not so ambiguous as to require resort to parol testimony, although testimony was actually given below at the hearing on the petition of the appellees. Both the appellant and the appellees state in their brief that the clause at issue contained in the-will is clear and unambiguous.
The clause at issue devised:
“I give, devise and bequeath all real’ estate which I may own at the time of my death, and whatever interest in reali estate I may own at the time of my death, which real estate is located im Port Clinton, Ohio, to my nephews,, Richard Winans and Max Winans,, share and share alike, in fee simple and absolutely.”
If it was not the intention of the testator to devise all of his real property to his. nephews Richard and Max Winans, then the first devise was useless. It is also worth observing from the wording of Article II that the decedent bequeathed all real estate “which I may own at the time of my death,, and whatever interest in real estate I may own at the time of my death, which real estate is located in Port Clinton, Ohio- * * * ” since the record shows that the testator owned only a half-interest in the Ohio property.
We are of the opinion that the construction given by the distinguished county judge was logical and that he should be affirmed.
It is the rule that if the probate-court has sufficient substantial, competent evidence before him then an appellate court must give the lower court the weight ordinarily given to the findings of the trier of facts, and that if the lower court did not misinterpret the legal effect of the testimony: *477 as a whole, his decision must be affirmed. See In re Williams’ Estate, Fla. 1952, 59 So.2d 13, and Pancoast v. Pancoast, Fla. App.1958, 107 So.2d 787.
Affirmed.
SHANNON, C. J., and WHITE, J., concur.